IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BENJAMIN MUHAMMAD JONES                                                PLAINTIFF


                v.               Civil No. 1:12-CV-01071


THOMAS MILLER; BRIAN MARTIN;
MIKE WARREN; P. GONZALES;
DON HOLLINGSWORTH; RANDY PETE;
MARK DANZY; MIKE JOLLY;
JOHN DOE DOG CATCHER; TERRENCE
MOORE; JOHN BURNSIDE; ALICE WOODS;
and CAROLYN SIMMONS                                                    DEFENDANTS


BENJAMIN MUHAMMAD JONES                                                PLAINTIFF


                v.               Civil No. 1:12-CV-01091


MIKE JOLLY; CAROLYN BYRD;
JAMES KITCHEN; SHEILA JACKSON;
MARK DANZY; TERRENCE MOORE;
THOMAS MILLER; CAROLYN SIMMONS;
DISPATCHER JOLLY; SHAUN DOE;
DON HOLLINGSWORTH; WILLIAM STRAUGH;
BRIAN MARTIN                                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Benjamin Jones filed Civil No. 1:12-cv-01071 and Civil No. 1:12-cv-01091 *pro se* pursuant to 42 U.S.C. § 1983.  These case were consolidated by Order dated December 26,

1

2013. ECF No. 33.[1] Now before the Court is the issue of service of John Doe Dog Catcher.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

I.   BACKGROUND

In Plaintiff's Original Complaint and Addendum, he sought to name a John Doe described as an African-American Dog Catcher for the Warren Police Department as a defendant in this matter. ECF No. 2, 10. The Court ordered the Warren Police Department or its counsel to identify this John Doe Dog Catcher in an Order dated June 3, 2013. ECF No. 12. Subsequently, the John Doe was identified by the Warren Police Defendants as Ezra Lee on July 1, 2013. On the same day, the Warren Police Defendants also informed Plaintiff and the Court that Mr. Lee was deceased. ECF No. 15. The Court has never ordered service on Mr. Lee or any representative of Mr. Lee's estate.

II.   DISCUSSION

Because section 1983 does not deal expressly with the question of survivorship, "it is for the federal courts to fashion the governing rule . . . ." *Pritchard v. Smith*, 289 F.2d 153, 155-59 (8th Cir. 1961) (internal quotations and citations omitted). "[I]t has been held that pursuant to [42 U.S.C. § 1988,] state survivorship statutes . . . may be used in the context of actions brought under [ 42 U.S.C. § 1983]." *Moor v. County of Almeda*, 411 U.S. 693, 702 n. 14 (1973); *see also White v. Walsh,* 649 F.2d 560, 562 n. 4 (8th Cir. 1981) ("It is a matter well decided that state survivorship

---

[1] All references to the docket are to Civil No. 1:12-cv-01071 unless specifically noted.

statutes that reverse the general common law rule that abates causes of action properly apply in a [section] 1983 context.").

In *Pritchard*, the Eighth Circuit specifically ruled section 1988 indicates that in situations such as these, a federal court should resort to state law to provide an appropriate remedy. *Prichard*, 289 F.2d at 158-59. Further, Arkansas statutes provide for the survival of actions for wrongs to the person other than libel and slander. *Id.* (holding the plaintiff's action for damages to her person pursuant to section 1983 survived the death of the defendant)*; see also Pritchard v. Downie,* 326 F.2d 323, 324, n. 1 (8th Cir. 1964) (noting the Court previously held that plaintiff's civil rights cause of action survived after defendant police chief's death and estate administrator should be substituted as defendant).

Where, as it is here, a claim is not extinguished by a party's death, substitution of the proper party may be ordered upon "motion for substitution . . . by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The motion for substitution must be made within ninety days after service of the notice of death or "the action . . . against the decedent must be dismissed." *Id.*

Plaintiff was notified on July 1, 2013, by Answer of the Warren Police Defendants, that John Doe Dog Catcher was in fact Ezra Lee and that Mr. Lee was deceased. Plaintiff failed to file any motion of substitution after July 1, 2013. It has been well over ninety days since Plaintiff received notice of Mr. Lee's status as deceased. Accordingly, pursuant to Rule 25, Plaintiff's claims against John Doe Dog Catcher should be dismissed. Fed. R. Civ. P. 25(a)(1).

### III. CONCLUSION

For the foregoing reasons, I recommend John Doe Dog Catcher be **DISMISSED** without

prejudice from this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 11th day of April 2014.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE