IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BENJAMIN MUHAMMAD JONES                                                     PLAINTIFF


v.                         Civil No. 1:12-CV-01071


THOMAS MILLER; BRIAN MARTIN;
MIKE WARREN; P. GONZALES;
DON HOLLINGSWORTH; RANDY PETE;
MARK DANZY; MIKE JOLLY;
JOHN DOE DOG CATCHER; TERRENCE
MOORE; JOHN BURNSIDE; ALICE WOODS;
and CAROLYN SIMMONS                                                         DEFENDANTS


BENJAMIN MUHAMMAD JONES                                                     PLAINTIFF


v.                         Civil No. 1:12-CV-01091


MIKE JOLLY; CAROLYN BYRD;
JAMES KITCHEN; SHEILA JACKSON;
MARK DANZY; TERRENCE MOORE;
THOMAS MILLER; CAROLYN SIMMONS;
DISPATCHER JOLLY; SHAUN DOE;
DON HOLLINGSWORTH; WILLIAM STRAUGH;
BRIAN MARTIN                                                                DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Benjamin Jones filed Civil No. 1:12-cv-01091 *pro se* pursuant to 42 U.S.C. § 1983 on February 16, 2012.  ECF No. 1.  Now before the Court is the issue of service of William Straughn.

1

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

I.     BACKGROUND

Plaintiff originally filed Civil No. 1:12-cv-01091 in the Eastern District of Arkansas on February 16, 2012. ECF No. 1.[1] Plaintiff's Complaint is over forty pages long and includes multiple grievance forms and affidavits. In his Complaint, Plaintiff alleges Mike Jolly, Carolyn Byrd, James Kitchen, and Sheila Jackson of the Warren Housing Authority ("WHA Defendants") (1) discriminated against him based on his race and religion; (2) improperly evicted him; and (3) improperly disposed of his possessions. Additionally, Plaintiff claims Warren Police Officers Mark Danzy and Terrence Moore used excessive force in arresting him on October 29, 2011, ridiculed his religion, and denied him use of a restroom. Plaintiff also claims that the WHA Defendants conspired with the Warren Police Department ("WPD") and Chuck Lanehart, Plaintiff's parole officer, to have him arrested on October 29, 2011. ECF No. 1.

The Eastern District issued service on the WHA Defendants on June 6, 2012. ECF No. 20. The Eastern District did not serve Danzy, Moore, or Lanehart, nor did it enter a screening order pursuant to 28 U.S.C. § 1915A(a) dismissing the claims Plaintiff raised in his Complaint against Danzy, Moore, or Lanehart. The case was transferred to this Court on August 14, 2012. ECF No. 35.

---

[1] All reference to the documents in this matter are to documents filed in Civil No. 1:12-cv-01091 prior to the consolidation of Civil No. 1:12-cv-01091 with Civil No. 1:12-cv-01071.

Plaintiff has filed four Motions to Amend and/or Supplement his Complaint since initially filing Civil No. 1:12-cv-01091. ECF Nos. 29, 30, 34, & 37. The Court denied these motions and instead sent Plaintiff a questionnaire to complete and file as an Addendum to his Complaint. ECF No. 39. Plaintiff filed his Addendum on April 26, 2013—the Court imposed deadline. ECF No. 40

In his Addendum, Plaintiff moved to add multiple new defendants to this matter: (1) Thomas Miller; (2) Randy Pete; (3) Carolyn Simmon; (4) Dispatcher Jolly; (5) Lt. Shaun Doe; (6) Don Hollingsworth; (7) Charles Lanehart; (8) Ronnie Franklin; (9) Charles Patton; (10) Lonny Williams; (11) Ronny Williams; (12) Bridget Crain Thomas; (13) Jane Muriel Thomas; (14) Patrick Patton; (15) Cedric Calbeat; (16) William Straugh; and (17) Mayor Brian Martin. Further, Plaintiff sought to allege additional claims against existing Defendants Jolly, Byrd, Kitchens, Jackson, Danzy, Moore, and Lanehart.

On June 7, 2013, the Court issued an Order finding several of Plaintiff's proposed amendments futile but granted him permission to amend his Complaint by adding claims against Defendants Mark Danzy, Terrence Moore, Thomas Miller, Randy Pete, Carolyn Simmon, Dispatcher Jolly, Shaun Doe, Don Hollingsworth, William Straugh, and Mayor Brian Martin. ECF No. 41. The Court also ordered Plaintiff to provide the Court with the place of employment or an address for service for Dispatcher Jolly, Shaun Doe, and William Straugh by June 28, 2013. ECF No. 41. Plaintiff failed to do so.

On June 19, 2013, the Court issued an Order to Show Cause giving Plaintiff until July 8, 2013 to show cause why he failed to file the information directed in the June 7, 2013 Order. The Court also advised Plaintiff in the Order to Show Cause that failure to respond would subject this case to dismissal. ECF No. 42. Plaintiff failed to respond.

3

The Court then recommended Plaintiff's case be dismissed based on his failure to respond to the Court's orders directing he provide information for service on Defendants. ECF No. 44. In his objection to this Report and Recommendation Plaintiff provided the Court with information to serve Defendants. ECF No. 46. Therefore, the Honorable Susan O. Hickey declined to adopt the Court's Report and Recommendation and referred this matter back to the undersigned for further consideration. ECF No. 48.

On December 26, 2013, the Court issued service on Mark Danzy, Terrence Moore, Thomas Miller, Randy Pete, Carolyn Simmon, Dispatcher Jolly, Shaun Doe, Don Hollingsworth, and Mayor Brian Martin. ECF No. 49. The Court did not, however, issue service on William Straughn because, according to Plaintiff, Straughn is employed and resides in the Eastern District of Arkansas.

## II.   DISCUSSION

Plaintiff indicates in his Objections to the Court's Report and Recommendation that Straughn is employed as the warden of "TMSU" in Tucker, Arkansas. Tucker, Arkansas is located in Jefferson County which is within the Eastern District of Arkansas. Plaintiff also states he has "several pending civil cases" against Straughn in the Eastern District of Arkansas at this time.

The federal venue statute provides that a case not based on diversity jurisdiction should be filed in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The events Plaintiff complains of with regard to Straughn occurred in Jefferson County. Therefore, the Court concludes the interest of justice will best be served if Plaintiff's claims against Straughn be dismissed without prejudice so he can properly bring them in the Eastern District of Arkansas District Court. Accordingly, I recommend Defendant William Straughn be dismissed from this matter, and Plaintiff be advised that

he can bring any claims he has against Straughn in the Eastern District of Arkansas.

### III. CONCLUSION

For the foregoing reasons, I recommend William Straughn be **DISMISSED** without prejudice from this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 11th day of April 2014.**

                                        /s/ Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE