IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


BENJAMIN MUHAMMAD JONES                                                        PLAINTIFF


                    v.                    Civil No. 1:12-CV-01071


THOMAS MILLER; BRIAN MARTIN;
MIKE WARREN; P. GONZALES;
DON HOLLINGSWORTH; RANDY PETE;
MARK DANZY; MIKE JOLLY;
JOHN DOE DOG CATCHER; TERRENCE
MOORE; JOHN BURNSIDE; ALICE WOODS;
and CAROLYN SIMMONS                                                          DEFENDANTS


BENJAMIN MUHAMMAD JONES                                                        PLAINTIFF


                    v.                    Civil No. 1:12-CV-01091


MIKE JOLLY; CAROLYN BYRD;
JAMES KITCHEN; SHEILA JACKSON;
MARK DANZY; TERRENCE MOORE;
THOMAS MILLER; CAROLYN SIMMONS;
DISPATCHER JOLLY; SHAUN DOE;
DON HOLLINGSWORTH; WILLIAM STRAUGH;
BRIAN MARTIN                                                                 DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Benjamin Jones proceeds in these consolidate cases *pro se* pursuant to 42 U.S.C.

§ 1983.  Now before the Court is Separate City Defendants's Motion to Dismiss for Failure to

Comply With a Court Order.  ECF No. 38.

1

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

## I.    BACKGROUND

Plaintiff filed his original Complaint in Civil No. 1:12-cv-01071 in the Eastern District of Arkansas on June 11, 2012. This Complaint along with its exhibits compromised approximately 121 pages. In order to clarify Plaintiff's claims and the persons he intended to be defendants in this matter, the Court prepared a questionnaire to serve as an addendum to Plaintiff's original Complaint. In his Addendum, Plaintiff states that he intends Sgt. Thomas Miller; Mayor Brian Martin; Mike Warren; P. Gonzales; John Doe (African-American dog catcher for Warren Police Department); Patrick Patton; Judge Bruce Anderson; Sgt. Don Hollingsworth; Mark Danzy; Corp. Terrence Moore; Dept. John Burnside; Alice Woods; Mike Jolly; Chief Randy Pete; Dr. Mitchell Weaver; and Chuck Lanehart to be Defendants in this action. Plaintiff also states multiple claims against Carolyn Simmons and a Mrs. Golly.

Plaintiff also alleges multiple claims in his Addendum. Specifically, Plaintiff claims: (1) he was denied hygiene products while incarcerated in the Warren Police Department ("WPD") and the Ashley County Detention Center ("ACDC"); (2) he was constantly asked to be a "snitch;" (3) he was denied the use of a restroom on the night of his arrest—October 28, 2011; (4) he was denied medical treatment on the night of his arrest; (5) he was denied prescription medication while incarcerated in WPD and ACDC; (6) WPD and ACDC allowed jailers without medical training to pass out medication; (7) all of his possessions were thrown away by the Warren

Housing Authority ("WHA"); (8) there was a conspiracy against Plaintiff between employees of the WHA, WPD, and his parole officer Chuck Lanehart; (9) his grievances were destroyed; (10) he was discriminated against based on his race; (11) he was denied religious services and his religion was mocked; (12) he was fed pork and forced to use Colgate toothpaste; (13) his apartment and person were searched without a warrant or consent; (14) his bicycle was not properly seized; (15)  Officer Danzy falsified state documents; (16) he was defamed; (17) he was denied access to the courts; (18) he was retaliated against; (19) he was denied his prescribed medical diet; (20) his legal mail is being tampered with; (21) he requests to be separated from a fellow inmate at the ADC; and (22) he requests a federal investigation into the WHA.

Lastly, Plaintiff attached several Affidavits to his Addendum.  The first Affidavit states that Mrs. Golley in the mail room at the ADC is tampering with his legal mail.  ECF No. 10, p. 21. The second Affidavit requests the Court order a specific inmate at the ADC be separated from Plaintiff.  ECF No. 10, p. 22.  The third Affidavit requests a federal investigation of Mike Jolly, James Kitchens, and Sheila Jackson from the WHA.  ECF No. 10, p. 23.

Through screening the Court dismissed (1) all of Plaintiff's officially capacity claims against all Defendants; (2) Plaintiff's individual capacity claims based on supervisor liability against Brian Martin and Randy Pete;  (3) all of Plaintiff's claims against Patrick Patton; (4) all of Plaintiff's claims against Dr. Mitchell Weaver; (5) all of Plaintiff's claims against the Honorable Bruce Anderson; (6) all of Plaintiff's claims against Chuck Lanehart; (7) Plaintiff's claims against Mrs. Golley at the Tucker Unit; (8) Plaintiff's request for injunctive relief regarding removal of a fellow inmate at the Tucker Unit; (9) Plaintiff's denial of medical care claims regarding his head wound against all Defendants; (10) Plaintiff's defamation claim against all Defendants; and (11)

Plaintiff's denial of access to the court's claim against all Defendants.  ECF No. 16.  Further, the Court dismissed Patrick Patton, Dr. Mitchell Weaver, the Honorable Bruce Anderson, Chuck Lanehart, and Mrs. Golly.  ECF No. 16.

Plaintiff originally filed Civil No. 1:12-cv-01091 in the Eastern District of Arkansas on February 16, 2012.  Plaintiff's Complaint is more than forty pages long and includes multiple grievance forms and affidavits.  In his Complaint, Plaintiff alleges Mike Jolly, Carolyn Byrd, James Kitchen, and Sheila Jackson of the Warren Housing Authority ("WHA Defendants")  (1) discriminated against him based on his race and religion; (2) improperly evicted him; and (3) improperly disposed of his possessions.  Additionally, Plaintiff claims Warren Police Officers Mark Danzy and Terrence Moore used excessive force in arresting him on October 29, 2011, ridiculed his religion, and denied him use of a restroom.  Plaintiff also claims that the WHA Defendants conspired with the Warren Police Department ("WPD") and Chuck Lanehart, Plaintiff's parole officer, to have him arrested on October 29, 2011. Civil No. 1:12-cv-01091, ECF No. 1.

The Eastern District issued service on the WHA Defendants on June 6, 2012.  ECF No. 20. The Eastern District did not serve Danzy, Moore, or Lanehart, nor did it issue a screening order pursuant to 28 U.S.C. § 1915A(a) dismissing the claims Plaintiff raised in his Complaint against Danzy, Moore, or Lanehart.  The case was transferred to this Court on August 14, 2012.  Civil No. 1:12-cv-01091, ECF No. 35.

Plaintiff  filed four Motions to Amend and/or Supplement his Complaint since initially filing Civil No. 1:12-cv-01091.  Civil No. 1:12-cv-01091, ECF Nos. 29, 30, 34, & 37.  The Court denied these motions and instead sent Plaintiff a questionnaire to complete and file as an Addendum to his Complaint.  Civil No. 1:12-cv-01091, ECF No. 39.  Plaintiff filed his Addendum on April 26,

4

2013—the Court imposed deadline.  Civil No. 1:12-cv-01091, ECF No. 40

   In his Addendum, Plaintiff moved  to add multiple new defendants to this matter: (1) Thomas

Miller; (2) Randy Pete; (3) Carolyn Simmon; (4) Dispatcher Jolly; (5) Lt. Shaun Doe; (6) Don

Hollingsworth; (7) Charles Lanehart; (8) Ronnie Franklin; (9) Charles Patton; (10) Lonny Williams;

(11) Ronny Williams; (12) Bridget Crain Thomas; (13) Jane Muriel Thomas; (14) Patrick Patton;

(15) Cedric Calbeat; (16) William Straugh; and (17) Mayor Brian Martin.  Further, Plaintiff sought

to allege additional claims against existing Defendants Jolly, Byrd, Kitchens, Jackson, Danzy,

Moore, and Lanehart.

   On June 7, 2013, the Court issued an Order finding several of Plaintiff's proposed

amendments futile but granted him permission to amend his Complaint by adding claims against

Defendants Mark Danzy, Terrence Moore, Thomas Miller, Randy Pete, Carolyn Simmon, Dispatcher

Jolly, Shaun Doe, Don Hollingsworth, William Straugh, and Mayor Brian Martin.  ECF No. 41.  The

Court also ordered Plaintiff to provide the Court with the place of employment or an address for

service for Dispatcher Jolly, Shaun Doe, and William Straugh by June 28, 2013.  ECF No. 41.

Plaintiff failed to do so.

   On June 19, 2013, the Court issued an Order to Show Cause giving Plaintiff until July 8,

2013 to show cause why he failed to file the information directed in the June 7, 2013 Order.  The

Court also advised Plaintiff in the Order to Show Cause that failure to respond would subject this

case to dismissal.  Civil No. 1:12-cv-01091, ECF No. 42.  Plaintiff failed to respond.

   The Court then recommended Plaintiff's case be dismissed based on his failure to respond

to the Court's orders directing he provide information for service on Defendants.  Civil No. 1:12-cv-

01091, ECF No. 44.  In his objection to this Report and Recommendation Plaintiff provided the

Court with information to serve Defendants.  Civil No. 1:12-cv-01091, ECF No. 46.  Therefore, the Honorable Susan O. Hickey declined to adopt the Court's Report and Recommendation and referred this matter back to the undersigned for further consideration.  Civil No. 1:12-cv-01091, ECF No. 48.

On December 26, 2013, the Court issued service on Mark Danzy, Terrence Moore, Thomas Miller, Randy Pete, Carolyn Simmon, Dispatcher Jolly, Shaun Doe, Don Hollingsworth, and Mayor Brian Martin.  Civil No. 1:12-cv-01091, ECF No. 49.

The Court consolidated these cases on December 26, 2013.  ECF No. 33.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay

6

or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.   DISCUSSION

Separate Defendants Brian Martin, Thomas Miller, Mike Warren, Don Hollingsworth, Terrance Moore, Mike Jolly, Ruben Gonzales, Carolyn Simmons, Randy Peek, and Mark Danzy[1] move to have Plaintiff's claims against them dismissed based on Plaintiff's failure to comply with a Court Order. Specifically, Separate Defendants assert that Plaintiff has failed to comply with the Court's December 26, 2013 Order compelling Plaintiff to provide discovery responses by Monday, January 20, 2014.

Plaintiff did not respond to Separate Defendant's Motion to Dismiss just as he did not respond to the Separate Defendants' initial Motion to Compel. The Court's December 26, 2013 Order was not returned as undeliverable mail, and Plaintiff has filed five documents[2] with the Court

---

[1] Separate Defendants moved to add Mark Danzy a Separate Defendant moving for dismissal by amendment to the Motion to Dismiss on February 19, 2014. ECF No. 45. The Court granted and construed the original Motion to Dismiss to include Mark Danzy by Text Order dated April 28, 2014.

[2] Motion to Amend Complaint (ECF No. 14); Motion to Extend and Appoint Counsel (ECF No. 42); Motion to Amend Complaint (ECF No. 48); and Motion for Jury Trial (ECF No. 49).

7

since December 26, 2013.  Accordingly, the Court presumes Plaintiff received its Order, is able to fully participate in this litigation, and willfully chose not to comply with the Court's December 26, 2013 Order.

Furthermore, the Plaintiff has previously failed to respond to the Courts Orders.  On June 7, 2013, the Court ordered Plaintiff to provide information for service on one of the named Defendants.  Civil No. 4:12-cv-01091, ECF No. 41.  Plaintiff failed to produce the information so the Court issued an Order to Show Cause.  Civil No. 4:12-cv-01091, ECF No. 42.  Plaintiff failed to respond.  The Court then wrote a Report and Recommendation recommending that Plaintiff's claims be dismissed without prejudice for his failure to comply with the Court's Orders.  Civil No. 4:12-cv-01091, ECF No. 44.  In his Objection to the Report and Recommendation, Plaintiff finally provided the requested information.  While the Court was not obligated to accept this late information, it did so and allowed this matter to proceed.

Accordingly, the Court finds a clear record of delay or contumacious conduct by the Plaintiff, and pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's claims against Separate Defendants Brian Martin, Thomas Miller, Mike Warren, Don Hollingsworth, Terrance Moore, Mike Jolly, Ruben Gonzales, Carolyn Simmons, Randy Peek, and Mark Danzy  be dismissed with prejudice.  *See Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)); *see also Anderson v. Home Ins. Co.,* 742 F.2d 82, 84 (8th Cir. 1983) (a party ignoring interrogatories and related court order for four months constituted deliberateness).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Separate Defendants' Motion to Dismiss for Failure

to Comply with a Court Order (ECF No. 38) be **GRANTED** and Plaintiff's claims against  Separate Defendants Brian Martin, Thomas Miller, Mike Warren, Don Hollingsworth, Terrance Moore, Mike Jolly, Ruben Gonzales, Carolyn Simmons, Randy Peek, and Mark Danzy be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 29the day of April 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE