IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BENJAMIN MUHAMMAD JONES                                              PLAINTIFF

      v.                    Civil No. 1:12-CV-01071

DISPATCHER JOLLY                                                     DEFENDANTS


BENJAMIN MUHAMMAD JONES                                              PLAINTIFF

      v.                    Civil No. 1:12-CV-01091

DISPATCHER JOLLY                                                     DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Benjamin Jones filed Civil No. 1:12-cv-01071 and Civil No. 1:12-cv-01091 *pro se* pursuant to 42 U.S.C. § 1983.  These cases were consolidated by Order dated December 26, 2013.  ECF No. 33.[1]

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Separate Defendant Dispatcher Jolly's Motion for Summary Judgment.  ECF Nos. 108.  The Court prepared a questionnaire for Plaintiff to aid in his response to this Motion.  Plaintiff returned the completed questionnaire (ECF No. 122) as well as filing a separate Response (ECF No. 113) to the Motion.  After careful consideration, the undersigned makes the following Report and Recommendation.

---

[1]All references to the docket are to Civil No. 1:12-cv-01071 unless otherwise noted.

1. **BACKGROUND**

   a. <u>Procedural</u>

Plaintiff originally filed Civil No. 1:12-cv-01071 on June 11, 2012 and Civil No. 1:12-cv-01091 on August 15, 2012 in the Eastern District of Arkansas. Both cases were later transferred to this Court. The Court later determined that these two cases involved common questions of law and fact and consolidated the cases on December 26, 2013. ECF No. 33. In his Complaints, Supplements and Addendums in both Civil No. 1:12-cv-1071 and 1:12-cv-1091, Plaintiff named more than 30 defendants and asserted multiple convoluted claims and seemingly unrelated facts against each Defendant. The Court previously disposed of all claims and Defendants except those against Defendant Dispatcher Jolly.

Dispatcher Jolly was listed as a defendant in Plaintiff's Addendum to his Complaint in Civil No. 1:12-cv-01091. ECF No. 40, Civil No. 1:12-cv-01091. By Order dated June 7, 2013, I treated Plaintiff's Addendum as a Motion to Amend and granted Plaintiff leave to amend his Complaint in Civil No. 1:12-cv-01091 by adding Dispatcher Jolly as a Defendant. In the same Order, I directed Plaintiff to provide the Court with a place of employment or address for service for Dispatcher Jolly. ECF No. 41, Civil No. 1:12-cv-01091. Plaintiff failed to respond with the necessary service information by the deadline imposed, and I issued a Show Cause Order. ECF No. 42, Civil No. 1:12-cv-01091. Plaintiff failed to respond to the Show Cause Order, and I issued a Report and Recommendation recommending his Complaint in Civil No. 1:12-cv-01091 be dismissed for failure to comply with the Court's Local Rules and Orders. ECF No. 44, Civil No. 1:12-cv-01091. Plaintiff filed an Objection to the Report and Recommendation in which he included the requested service information and the Honorable Susan O. Hickey declined to adopt

the Report and Recommendation. ECF No. 48, Civil No. 1:12-cv-01091.

Subsequently, using the information provided by Plaintiff, I ordered service to issue on Dispatcher Jolly at the Warren Police Department ("WPD"). I also directed the WPD to notify the Court of any last known address for either Defendant if they refused service. ECF No. 50, Civil No. 1:12-cv-01091. The instant cases were then consolidated and all future filings were made in the lead case Civil No. 1:12-cv-01071. The summons issued to Dispatcher Jolly was returned executed and his Answer was due on January 16, 2014. ECF No. 37.

Someone at the WPD accepted service on behalf of Dispatcher Jolly. ECF No. 37. Therefore, Defendant Jolly's answer to Plaintiff's Complaint and Addendum[2] was due on January 16, 2014. ECF No. 37. On May 19, 2015, Dispatcher Jolly filed two motions challenging the executed return and seeking an extension to file an answer in this matter. ECF Nos. 102, 104. By Order dated May 27, 2015, I granted Dispatcher Jolly's Motion to Set Aside Purported Service. ECF No. 105. In that same Order, I determined that Dispatcher Jolly's date of service would be considered as the date of the Order—May 27, 2015. Dispatcher Jolly filed an Answer that same day.

    b.    <u>Facts and claims</u>

I will only enumerate those background facts relevant to Dispatcher Jolly and the Motion for Summary Judgment currently before me. According to Plaintiff's Complaint and Addendum to his Complaint, in October 28, 2011, Plaintiff was arrested by WPD officers, taken into the WPD, and later booked into the Ashley County Detention Center ("ACDC"). Plaintiff claims his

---

[2]In his Addendum, Plaintiff claims for the first time that Dispatcher Jolly did not make arrangements to store Plaintiff's personal property, refused Plaintiff's grievance forms, and refused Plaintiff medical treatment. ECF No. 40, Civil No. 1:12-cv-01091.

constitutional rights were violated when: (1) Dispatcher Jolly denied him medical care while Plaintiff was at the WPD; (2) Dispatcher Jolly denied him grievance forms; and (4) Dispatcher Jolly failed to ensure his personal property was properly disposed by the Warren Housing Authority ("WHA").

Dispatcher Jolly argues in his Motion for Summary Judgment: (1) he had no personal involvement or interactions with Plaintiff, therefore, he had no personal involvement related to Plaintiff's claimed constitutional violations; (2) there is no evidence to show he denied Plaintiff medical care. Alternatively, Dispatcher Jolly argues he is entitled to qualified immunity.

Plaintiff responded to Dispatcher Jolly's Motion for Summary Judgment through the use of a Court-prepared questionnaire. ECF No. 122 ("Response"). In his Response Plaintiff alleges Dispatcher Jolly: (1) worked at WPD the night Plaintiff was booked into the jail; (2) assured Plaintiff he would contact Plaintiff's family to store Plaintiff's property but he failed to do so; (3) told Plaintiff there were no grievance procedures at the WPD; (4) conspired with Mike Jolly and Mark Danzy regarding Plaintiff's personal property; and (5) had a "negligent attitude" towards Plaintiff's injured head when Plaintiff was at the WPD. Finally, Plaintiff alleges: "At Time Destroyed with Loss of property while in custody [and] out of custody By Abuse [and] Assaultive State [and] Federal Employee!" ECF No. 122.

Plaintiff also filed an additional objection to Dispatcher Jolly's Motion for Summary Judgment without the aide of a questionnaire. ECF No. 113 ("Objection"). In this Objection, Plaintiff made the same arguments presented in his Response as well as the following: (1) retaliation for Plaintiff using "proper channels;" (2) no proper rules and regulations at the WPD; and (3) the WPD is not in compliance "to Human Rights."

## 2. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

## 3. DISCUSSION

Plaintiff claimed in his Addendum that Dispatcher Jolly denied him medical care while Plaintiff was at WPD, Dispatcher Jolly denied Plaintiff grievance forms while Plaintiff was at the WPD, and Dispatcher Jolly aided Mike Jolly or failed to prevent Mike Jolly from destroying Plaintiff's private property from his Warren Housing Authority apartment. Plaintiff also makes additional claims, for the first time against Dispatcher Jolly, in his Response to Dispatcher Jolly's

Motion for Summary Judgment that Dispatcher Jolly conspired with Mark Danzy and Mike Jolly to have Plaintiff's WHA apartment illegally searched, retaliated against Plaintiff, that there are no proper rules or regulations at the WPD and that the WPD is not compliant with human rights.[3]

    a.    <u>Denial of medical care</u>

Plaintiff claims that Dispatcher Jolly denied him medical care. In the questionnaire prepared by the Court and completed by Plaintiff, the Court asked Plaintiff to agree or disagree with the following statement: "Plaintiff never requested any medical care from Dispatcher Jolly, and Dispatcher Jolly never denied Plaintiff any medical care." ECF No. 122, p. 4. Plaintiff responded that he agreed with this statement. Plaintiff went on to explain: "Its was oblivious my head was bleeding [and] Mr. Jolly was present in Booking Area. He just had A negligence attitude while in Custody that Night!" ECF No. 122, p. 4 (errors in original).

According to the record, Plaintiff received a head wound during his arrest and he was treated by paramedics for this head wound at the site of the arrest. Plaintiff's Addendum to Complaint, ECF No. 10, p. 14. Plaintiff was then taken to the WPD where he spent approximately forty-five minutes. Plaintiff was then taken to Bradley County Hospital by an officer other than Dispatcher Jolly. Finally, Plaintiff was transported to the ACDC. Plaintiff's Deposition, ECF No. 68-1, p. 20.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim

---

[3] Note, Plaintiff has made similar claims against other Defendants throughout this case and these claims and Defendants have all been previously dismissed. ECF Nos. 107, 121.

of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Dispatcher Jolly acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County*

*of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Plaintiff has not made any factual allegations to support a denial of medical care claim against Dispatcher Jolly. First, Plaintiff's head wound was treated at the scene of arrest by paramedics and shortly thereafter Plaintiff was also taken to the emergency room for treatment. While Plaintiff may not be satisfied with this treatment, Plaintiff was not denied medical care. His dissatisfaction with the treatment he received does not rise to the level of a constitutional violation. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010). Further, in his Response, Plaintiff stated that Dispatcher Jolly did not deny him medical treatment but instead was negligent. Negligence does not rise to the level of deliberate indifference. *See Popoalii,* 512 F.3d at 499. Accordingly, Plaintiff's denial of medical care claims against Dispatcher Jolly must fail as a matter of law.[4]

---

[4] The Court previously dismissed Plaintiff's denial of medical care claims regarding his head wound against all Defendants at the screening stage of Civil No. 1:12-cv-01071. *See* ECF Nos. 11, 16. At the time of screening, however, Dispatcher Jolly was not yet a Defendant so I have analyzed the claim here as specifically claimed against Dispatcher Jolly.

b.  Grievances

Plaintiff also claims Dispatcher Jolly denied him grievances while Plaintiff was at the WPD. Dispatcher Jolly argues that his job duties, as dispatcher for the WPD, did not involve providing grievances to inmates, and he did not have any interactions with Plaintiff. Plaintiff argues that Dispatcher Jolly as an employee of WPD had a duty to provide the paper work Plaintiff needed to gain proper relief. ECF No. 122.

While the parties here disagree as to what Dispatcher Jolly's duties were as a dispatcher of WPD, this issue of fact is not material here. Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). The failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff's claim regarding his grievances fails as a matter of law.

c.  Property

Plaintiff also claims that Dispatcher Jolly assured Plaintiff he would contact Plaintiff's family to take care of Plaintiff's property at the WHA. However, Dispatcher Jolly failed to do so resulting in Plaintiff's property being destroyed. Dispatcher Jolly argues he had no direct responsibility for any actions that Plaintiff alleges violated his constitutional rights as he had no interactions with Plaintiff whatsoever.

This Court has previously determined that the destruction of Plaintiff's property by the WHA did not violate Plaintiff's constitutional rights. *See* ECF No. 121, 107. Plaintiff has not made any allegations or pointed to any additional facts in the record to alter the Court's previous findings.

Further, the record indicates it was not Dispatcher Jolly that destroyed or caused the

destruction of Plaintiff's personal property from the WHA.[5] "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). The record is devoid of any alleged fact indicating Dispatcher Jolly was responsible for the destruction of Plaintiff's property at the WHA.

Accordingly, Plaintiff's claims against Dispatcher Jolly regarding Plaintiff's personal property must fail as a matter of law.

d. Conspiracy

Plaintiff argues in his Response that Dispatcher Jolly conspired with former defendants Mike Jolly and Mark Danzy regarding his property at the WHA, his medical care, and his grievances. Dispatcher Jolly argues he did not conspire with Mike Jolly or Mark Danzy.

There can be no actionable civil conspiracy claim under section 1983 in the absence of a constitutional violation. *See Cook v. Tadros*, 312 F.3d 386, 388-89 (8th Cir. 2002). The Court has already determined that Plaintiff's constitutional claims relating to his property fail as a matter of law. Therefore, his conspiracy claims related to his property must also fail.

e. Retaliation

Plaintiff states in his Objection to the Motion for Summary Judgment that he was retaliated against for using proper channels "concerning his property, health, rights, etc." ECF No. 113, p. 3. This appears to be the first time Plaintiff has alleged a retaliation claim against Dispatcher Jolly in this matter. The only other instances, previous to his Objection, that Plaintiff has referred to

---

[5] Plaintiff has consistently claimed that former Defendant Mike Jolly (father to Dispatcher Jolly) is responsible for ordering his personal property be destroyed. ECF No. 1, 10.

retaliation was in his (1) Addendum to Complaint (ECF No. 10, p. 14); and (2) Motion for Injunction on Warren Housing Authority for Conspiracy to Slander (ECF No. 89).  In his Addendum, Plaintiff explained his reference to retaliation as claims against Mike Jolly, Chuck Lanehart, Carolyn Byrd, James Kitchen, Randy Pete, and Sheila Jackson for a conspiracy against him for filing grievances at the WHA.  In his Motion for Injunction Plaintiff requests "the Federal Courts would award & grant me a settlement for all my civil rights abuses & retaliation, discrimination abuse of authority by Federal and State employees to cover this ongoing conspiracy by Warren Authority, Warren Police Department, & Ashley County Jail."  ECF No. 89, p. 2.  I interpreted these statements by Plaintiff to be allegations of conspiracy claims not retaliation claims.

I do not find that Plaintiff has properly asserted a claim for retaliation against Dispatcher Jolly.  Plaintiff has consistently claimed the Defendants named in this matter have conspired against him and these statements regarding retaliation appear to simply be a part of Plaintiff's conspiracy claims.

Even if Plaintiff intended to make a retaliation claim against Dispatcher Jolly, such claim must fail as a matter of law.  In order to state a retaliation claim, Plaintiff must demonstrate: (1) that he engaged in protected activity; (2) that Defendants responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity;" and (3) that the adverse action was motivated at least in part by exercise of the protected action.  *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.,* 673 F.3d 799, 807-8 (8th Cir. 2012) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Plaintiff has not alleged any adverse action by Dispatcher Jolly that was motivated by Plaintiff's attempts to use "proper channels."

    f.    <u>Rules and regulations at the WPD</u>

Plaintiff states in his Objection that the WPD did not have any rules and regulations and it was not compliant with human rights. There are no remaining official capacity claims against the WPD in this matter. They were all dismissed at the screening stage of this matter. ECF No. 11. Plaintiff may not reassert them in his Objection to Dispatcher Jolly's Motion for Summary Judgment.

Further, Plaintiff did not make any allegations or arguments with regards to this statement that indicate Dispatcher Jolly had any responsibility for maintaining the rules and regulations of the WPD. Dispatcher Jolly cannot be held liable for actions for which he was not directly responsible. *Clemmons,* 477 F.3d at 967.

**4.    CONCLUSION**

Accordingly, I recommend Separate Defendant Dispatcher Jolly's Motion for Summary Judgment (ECF No. 108) be **GRANTED** and Dispatcher Jolly be dismissed with prejudice. Further, I recommend this consolidated matter be closed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of August 2015.**

                                                        /s/ Barry A. Bryant          
                                                         HON. BARRY A. BRYANT
                                                         UNITED STATES MAGISTRATE JUDGE